UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., and VETERAN PETROLEUM LTD., <br><br>*Petitioners*, <br><br>v. <br><br>THE RUSSIAN FEDERATION, <br><br>*Respondent*. | Case No. 1:14-cv-01996-BAH <br><br> Chief Judge Beryl A. Howell |

## PETITIONERS' FOURTH STATUS REPORT

Petitioners Hulley Enterprises Ltd., Yukos Universal Ltd., and Veteran Petroleum Ltd. (the "**Petitioners**"), submit this Fourth Status Report pursuant to the Court's request to be advised every six months of the status of proceedings in the Netherlands to set aside the arbitral awards at issue (the "**Set-Aside Proceedings**"). (*See* ECF No. 153 at 2). [1]

The status of the Set- Aside Proceedings is as follows:

1. The Petitioners appealed the April 20, 2016 ruling of the District Court of The Hague, and that appeal remains pending before the Court of Appeal of The Hague (the "**Court of Appeal**"). On March 13, 2017, pursuant to the procedural calendar set by the Court of Appeal in its order dated January 23, 2017, the Petitioners filed their Statement of Appeal setting out their grounds of appeal.

2. The response by the Russian Federation (the "**Respondent**") was due to be filed

---

[1] Undersigned counsel for Petitioners sent this report to counsel for Respondent on September 28, 2018, and asked if Respondent would provide edits and file it as a joint report. Counsel for Respondent declined to provide edits, and indicated that Respondent would file a separate report.

on September 5, 2017. The Respondents requested that its deadline be extended. After consultation between counsel, the Petitioners elected not to object to this request. As such, the Court of Appeal twice extended the due date to November 14, 2017, and then November 28, 2017, the date on which the Respondent filed its Statement of Defense to the Appeal.

3.  On December 7, 2017, the Court of Appeal informed the parties that there would not be a case management hearing on December 18, 2017, a date that had been provisionally held to consider procedural or scheduling issues. The Court of Appeal did request that the parties address in writing their views as to the further course of proceedings.

4.  The Petitioners then objected to the Respondent's introduction of new lines of argument in its Statement of Defense, contending that these new arguments are inadmissible under Dutch law. The Petitioners requested that these objections be briefed and decided before any substantive response to the Defense on Appeal was filed. The Respondents opposed the Petitioners' request. On January 17, 2018, the Court of Appeal ordered that the Petitioners had the right to submit a brief setting out such objections by February 13, 2018, which the Petitioners filed. The Court of Appeal also ordered that the Respondent had the right to respond not later than April 24, 2018.

5.  The Respondent filed a response on April 24, 2018, arguing that all contentions advanced in the Respondent's Statement of Defense, including those pertaining to the Petitioners' alleged "unclean hands" and their alleged "fraud on the tribunal", are admissible under Dutch law and that the Petitioners' procedural objections should therefore be dismissed.

6.  Following the Respondent's submission, the Petitioners requested the Court of Appeal to order a hearing on the Petitioners' procedural objections. The Court of Appeal subsequently ordered a hearing to take place on June 19, 2018. During the hearing on June 19,

2018, the Petitioners and the Respondent argued their respective positions on the Petitioners' procedural objections before the Court of Appeal.

7.  On September 25, 2018, the Court of Appeal rendered an interim decision regarding the Petitioners' procedural objections. In its decision, the Court of Appeal held that the Petitioners' procedural objections were well-founded, insofar as they pertained to the assertions made by the Respondent in its Statement of Defense that the Petitioners committed fraud in the arbitrations by making false statements and withholding documents, thereby violating a procedural order of the tribunal. These assertions were found to be inadmissible. For the remainder, the Court of Appeal dismissed the Petitioners' procedural objections as unfounded and rejected the corresponding claims of the Petitioners. As a result of this interim decision, the future debate on the merits of the appeal will also comprise the Respondent's entire "unclean hands" argument.

8.  In its interim decision of September 25, 2018, the Court of Appeal furthermore referred the case to the cause list of October 23, 2018, for the Petitioners to submit a brief setting out how they envisage the further course of the appeal proceedings with an indicative timetable up to and including the final hearing (which the Court of Appeal prefers to hold no later than June 2019).

Dated:  October 1, 2018

*Respectfully Submitted,*

*/s/ Steven M. Shepard*
Jacob Buchdahl (*pro hac vice*)
Steven M. Shepard (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019
Tel. No.: (212) 336-8330
jbuchdahl@susmangodfrey.com

3

sshepard@susmangodfrey.com

Richard W. Hess (TX 0070)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002-5096
Tel. No.: 713-653-7839
rhess@susmangodfrey.com

*Counsel for Petitioners*