UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., <br><br> *Petitioners*, <br><br> v. <br><br> THE RUSSIAN FEDERATION, <br><br> *Respondent*. | Case No. 1:14-cv-01996-BAH |

**FOURTH STATUS REPORT**

Pursuant to this Court's Order dated September 30, 2016, the Russian Federation advises herein on the status of Petitioners' appeal before the Court of Appeal of The Hague.

The Parties were unable to agree as to the substance of a joint Status Report. The Parties are therefore submitting separate Status Reports to this Court, as they have done previously.

The Russian Federation's Fourth Status Report is as follows:

1. On September 25, 2018, the Court of Appeal of The Hague issued an Interim Judgment addressing the scope of the proceedings and the procedural schedule going forward. That Interim Judgment is attached hereto as Exhibit A. To summarize, the Court of Appeal of The Hague has rejected Petitioners' efforts to prevent the Russian Federation from making arguments regarding the consequences of Petitioners' illegal activities, Russian nationality, and recycling of Russian money under Articles 1(6) and 1(7) of the Energy Charter Treaty ("ECT"). As explained below, the Court of Appeal of The Hague has also advised the Parties of its intention to hold closing arguments by June 2019.

2.      As the U.S. District Court is aware, Articles 1(6) and 1(7) of the ECT determine whether or not Petitioners were actually within the class of offerees (foreign "investors" who made a foreign "investment") that were allegedly eligible to accept the alleged offer to arbitrate under the ECT.  As explained in the Russian Federation's pleadings before the U.S. District Court in 2015 and 2016, the status of Petitioners' principals as nationals of the Russian Federation, as well as their acts of bribery, fraud, bid rigging, and tax evasion, disqualified Petitioners from accepting any purported offer to arbitrate under the veil-piercing doctrine and other fundamental principles of international law.

3.      In their submission to the Court of Appeal of The Hague dated February 13, 2018, Petitioners argued that the Russian Federation should be precluded from making these same arguments in the Dutch proceedings.  According to Petitioners, the Russian Federation's arguments allegedly violated the requirements of due process.  The Russian Federation submitted a responsive brief on April 24, 2018.  At Petitioners' request, the Court of Appeal of The Hague then held a hearing to evaluate the Parties' arguments on June 19, 2018, and issued the Interim Judgment on September 25, 2018.

4.      In the Interim Judgment, the Court of Appeal of The Hague rejected Petitioners' arguments, and found "no violation of due process of law"[1] in connection with the Russian Federation's arguments.  As the Court of Appeal of The Hague explained, virtually all of the Russian Federation's current arguments were previously made during the arbitration in The Hague and during the first-instance litigation before the District Court of The Hague.  In particular, the Court of Appeal referred to "the twenty-eight cases of unlawful conduct, summarized in the Final

---

[1] Exhibit A, Interim Judgment § 4.4.3 (Court of Appeal of The Hague, Sept. 25, 2018).

Award[s] under [paragraphs] 1281-1310."[2]  As reflected in that cited passage in the Final Awards, the Russian Federation had expressly argued before the international arbitrators that Petitioners had used "shell company proxies to feign competition in the loans-for-shares auction" and promised bribes "worth billions of dollars" to four public officials "to facilitate the unlawful acquisition of Yukos by the Oligarchs."[3]

5. Indeed, the record confirms that the Russian Federation's arguments in this respect had previously been raised in the Russian Federation's First Memorial on February 28, 2006,[4] and were subsequently reiterated *inter alia* in the Russian Federation's "Skeleton Argument" on October 1, 2012.[5]  As the U.S. District Court will no doubt recall, Petitioners themselves strenuously argued in the present litigation and in an August 2016 letter to the *American Lawyer* that the Russian Federation had already made these arguments "not only in the criminal trial against Mr. Khodorkovsky in Russia, but also in the arbitration."[6]

6. Accordingly, the Court of Appeal of The Hague has now rejected Petitioners' baseless suggestion that considering the Russian Federation's arguments would constitute a

---

[2] *Id.* § 4.5.3.

[3] *Hulley Enterprises Limited v. Russian Federation*, Final Award ¶ 1283, PCA Case No. AA 226 (July 18, 2014) (ECF No. 2-1) ("The first eleven items of Respondent's list of 'illegal and bad faith conduct' are dedicated to conduct related to the acquisition of Yukos by Bank Menatep . . . .").

[4] First Memorial on Jurisdiction and Admissibility of the Russian Federation ¶¶ 148-153 (Feb. 28, 2006) (ECF No. 71-7) ("Bank Menatep has been implicated in a number of criminal schemes, in particular in relation to the privatization of Russian state enterprises which took place in the mid-1990s through the controversial «loans-for-shares» program . . . .  In 1998, the Russian State Duma declared that all loan agreements between the government of the Russian Federation and certain banks pursuant to the loans-for-shares scheme were sham transactions that resulted in the acquisition of the shares of strategically important enterprises.")

[5] Skeleton Argument of the Russian Federation, Section VIII (ECF No. 72-20) ("The Tribunal Lacks Jurisdiction Over Claimants' Claims, Or Must Dismiss Them, Because They Are Based On Illegal Conduct By Claimants And The Yukos Managers They Installed And Controlled").

[6] Tim Osborne's Letter to the *American Lawyer* 2, Aug. 5, 2016 (ECF No. 147-2); *see also* Reply in Support of Pets.' Mot. to Strike 1 (ECF No. 134) ("[V]irtually every 'new' document filed by the Russian Federation with its Supplemental Motion has been in the hands of the Federation and its lawyers for many years. The Russian Federation had possession of most of these documents during the underlying arbitrations . . . .").

violation of due process. The Court of Appeal explicitly ruled that Petitioners "were able to respond to [the] substance" of the Russian Federation's arguments on at least three occasions during the Dutch litigation between 2015 and 2017,[7] in addition to the proceedings before the international arbitrators prior to 2014. Fundamentally, Petitioners have failed to disprove the Russian Federation's contentions regarding these critical issues because the facts and the evidence are against them—not because Petitioners have lacked a sufficient opportunity to prepare a response.

7.   The Court of Appeal of The Hague did accept one of Petitioners' procedural objections. As a matter of Dutch law, the Court of Appeal concluded that the Russian Federation's arguments with respect to Petitioners' fraud on the international arbitrators (*i.e.*, Petitioners' violation of the "duty of candor") had been raised too late. According to the Interim Judgment, the Russian Federation had been obliged to raise this argument in a "revocation" proceeding within the three-month time limit established under Article 1068 of the Dutch Code of Civil Procedure.[8] The Court of Appeal did not address the merits of the Russian Federation's challenge, however, which remains pending before this U.S. District Court in these proceedings under Article V of the New York Convention.

8.   Finally, the Court of Appeal of The Hague has invited the Parties to provide their views regarding the further course of the Dutch appellate proceedings. Initially, Petitioners will submit a proposal regarding the procedural schedule by October 23, 2018, after which the Russian Federation will be permitted to make its own proposal. Notably, following the hearing in The

---

[7] Exhibit A, Interim Judgment § 4.4.3 (Court of Appeal of The Hague, Sept. 25, 2018) ("HVY were able to respond to its substance in the rejoinder [in 2015], in the oral arguments in the first instance [in 2016] and in the Statement of Appeal [in 2017].").

[8] *Id.* § 5.7.

Hague on June 19, 2018, Petitioners provided the Russian Federation with two potential "scenarios" for the further progress of the case. Both scenarios anticipate the close of the pleadings before the Court of Appeal of The Hague during the course of 2019. These two scenarios are attached hereto as Exhibit B.[9]

9. In the Interim Judgment, the Court of Appeal of The Hague further explained that its preference would be "to hold the closing arguments no later than in June 2019."[10]

Dated: October 1, 2018

Respectfully submitted,

*/s/ Carolyn B. Lamm*
Carolyn B. Lamm (D.C. Bar No. 221325)
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C., 20005
Telephone: (202) 626-3600
clamm@whitecase.com

*Counsel for the Russian Federation*

---

[9] Petitioners' original "scenarios" are written in the Dutch language. The Russian Federation will respectfully provide English translations upon request.

[10] Exhibit A, Interim Judgment § 7.5 (Court of Appeal of The Hague, Sept. 25, 2018).