UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., | ) ) ) ) ) | Case No. 1:14-cv-01996-BAH |
| *Petitioners*, | ) ) ) | Chief Judge Beryl A. Howell |
| v. | ) ) ) | |
| THE RUSSIAN FEDERATION, | ) ) ) | |
| *Respondent*. | ) ) | |

### THE RUSSIAN FEDERATION'S MOTION FOR LEAVE TO FILE A SUR-SURREEPLY IN SUPPORT OF ITS MOTION TO EXTEND THIS COURT'S STAY OF LITIGATION

The Russian Federation respectfully moves the Court for leave to file the enclosed Sur-Surreply in response to Petitioners' Surreply in Opposition to the Russian Federation's Motion to Extend this Court's Stay of Litigation, ECF 186 (the "Surreply").

The Court has previously allowed such additional briefs on multiple occasions. *E.g.*, Minute Order, *Elec. Privacy Info. Ctr. v. NSA*, 1:10-cv-00196 (D.D.C. Dec. 18, 2014) (Howell, C.J.) ("GRANTING, over the objection of the defendant, the plaintiff's Motion for Leave to File a Sur-Surreply"); Minute Order, *Scudder v. CIA*, 1:12-cv-00807 (D.D.C. Feb. 21, 2014) (Howell, C.J.) (permitting sur-surreply); Minute Order, *Simon v. Republic of Hungary*, 1:10-cv-01770 (D.D.C. July 5, 2011) (Howell, C.J.) (permitting sur-surreply).

In the present litigation, the Court has also recognized that additional briefing may sometimes be appropriate where needed "to give full consideration to [a] sovereign party's arguments . . . ." Stay Ruling 7 n.4 (ECF 154). Moreover, as the movant, the Russian

Federation should get the last word in accordance with the parties' agreed schedule (ECF 176), despite Petitioners' unjustified effort to have the final say. The Russian Federation previously consented to Petitioners' filing a Surreply only if Petitioners consented to the Russian Federation's submission of a response (which they did not do).[1]

The Russian Federation's proposed brief[2] is necessary to address five new arguments and misrepresentations contained in Petitioners' Surreply, as explained below.

**(1)** <u>**ECT Modernisation**</u> – The Russian Federation previously spent two sentences in its Reply addressing the ECT Modernisation in connection with this Court's consideration of "international comity" as a factor under the Stay Ruling. Reply 11 (ECF 182). Petitioners' Surreply, however, does not even mention international comity. Instead, and for the first time, Petitioners now introduce three pages of false statements addressing a complex merits issue. Surreply 1-4 (ECF 186). Specifically, Petitioners assert erroneously that the ECT Modernisation contemplates exclusively prospective "amendments" under the ECT's Article 42 (ECF 2-7).

As the Russian Federation should be permitted to show in its Sur-Surreply, Petitioners' contentions are not only irrelevant to the Motion (ECF 179 & 179-1), but also incorrect. From 2017 to 2020, multiple ECT officials have expressly acknowledged not only the possibility of prospective "<u>amendment[s]</u>" to the ECT, but also "<u>clarification[s]</u> by a declaration" applicable to the current version of the ECT's 1994 text. *E.g.*, ECT Conference 2017 Decision (emphasis added) (ECF 182-15).[3] This category of "clarification[s]" covers exactly the same EU proposals

---

[1] As noted in Petitioners' Motion 2 n.1 (ECF 185), Petitioners declined to give consent to the Sur-surreply.

[2] The proposed brief is supported by a Declaration of Carolyn B. Lamm ("Lamm Decl.") dated August 28, 2020, attaching eight Exhibits.

[3] *See also* ECT Secretary General Urban Rusnák, *Introduction to the TDM Publication on the "Modernisation of the Energy Charter Treaty (ECT)*", TDM 1, 3-4 (2019) (Lamm Decl., Ex. 1) ("The Subgroup will continue working in order to identify the potential policy options for each of the topics listed (including the context and the potential

that Petitioners concede "would (if adopted) enact some of the Russian Federation's current litigation positions . . . ." Surreply 3.

(2) **EU Amicus Briefs** – Petitioners' Surreply suggests for the first time that the EU's amicus briefs—which explicitly invoke international comity in ECT cases before U.S. District Courts—are distinguishable.  Petitioners should have made this argument in their Opposition, because the Russian Federation's original Motion (ECF 179-1 at 17) already quoted extensively from one of the EU's substantially identical amicus briefs.  The Russian Federation should be given the opportunity to explain why the EU's briefs are indeed relevant to the present case, given that "[t]his dispute has no connection with the United States, and the United States thus has no interest in adjudicating this controversy in its courts. . . ." (ECF 186-4 at 3).  Indeed, the present litigation involves a treaty to which the EU and most EU Member States are bound (unlike the United States).

(3) *Komstroy v. Moldova* – Petitioners' Surreply also suggests for the first time that the *Komstroy* litigation is irrelevant—despite Petitioners' citing it <u>six times</u> in their Opposition in connection with multiple topics.  Opp'n 28–30, 33, 35 n.28 (ECF 181).  The Russian Federation should now be permitted to respond and explain why *Komstroy* in fact demonstrates that the EU possesses a substantial interest in how the ECT is interpreted even where the respondent State (like Moldova or the Russian Federation) is <u>not</u> an EU Member.

(4) *CEF Energia v. Italy* – Petitioners' Surreply asserts for the first time that the stay granted by another judge of this Court in *CEF Energia* will be "much shorter" than the requested extension of this Court's Stay Ruling.  The Russian Federation should be permitted to respond

---

instrument to be used – <u>clarification by a declaration</u> of the Conference <u>or an amendment to the ECT</u>)." (emphasis added); ECT Website, *Approved topics for the modernization of the Energy Charter Treaty* (Lamm Decl., Ex. 2); Maria Fanou, *The Energy Charter Treaty: Discussing Modernisation and Challenges with Dr. Alejandro Carballo, General Counsel, Energy Charter Treaty Secretariat*, Kluwer Arbitration Blog (Jan. 4. 2020) (Lamm Decl., Ex. 3).

and explain how Petitioners' own exhibit contradicts this claim: "[E]ither the [Swedish] Court of Appeal or the Swedish Supreme Court <u>will refer the matter to the [European Union] Court of Justice</u> . . . ."  ECF 186-4, at 25 (emphasis added).  Facing litigation at two more levels of the Swedish judicial system and the potential for a referral to the EU Court of Justice (at either level), the parallel Swedish proceedings in *CEF Energia* are likely to take just as long as the Dutch appeal in the present case, if not longer.

(5)   **<u>No Explicit Waiver of Sovereign Immunity</u>** – In contending that any stay should be conditioned upon the Russian Federation posting a security—which contradicts the Foreign Sovereign Immunities Act—Petitioners rely for the first time on a distorted reading of an unpublished decision in *Tatneft v. Ukraine*, 771 F. App'x 9 (D.C. Cir. 2019).  The Russian Federation should be given an opportunity to respond to Petitioners' misrepresentation of both the holding of *Tatneft* and the D.C. Circuit's subsequent recognition that *Tatneft* "does not bind" future courts even as to <u>implicit</u> waivers of sovereign immunity (let alone <u>explicit</u> waivers under 28 U.S.C. § 1610(d)(1)).  *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 584 (D.C. Cir. 2020).

\*     \*     \*

As a final matter, Petitioners also suggest that a Surreply was somehow justified by the length of the Russian Federation's Reply.  To the contrary, the Reply and its attachments complied fully with the Local Rules (and were much shorter than Petitioners' Opposition and attachments).[4]  In any event, the disputed issues in this matter are plainly so extensive that a sur-

---

[4] Petitioners' Opposition and its attachments (ECF 181) were more than <u>1,100 pages</u>.  The Reply (ECF 182) and its attachments were less than <u>750 pages</u>.  Petitioners' Opposition, Declarations, and Summary of the Dutch Court's decision (ECF 181, 181-2, 181-25, 181-27, 181-43) totaled approximately <u>40,000 words</u> (excluding footnotes).  The Russian Federation's Reply and Declarations (ECF 182, 182-1, 182-10, 182-11, 182-17, 182-18) totaled approximately <u>33,000 words</u> (excluding footnotes).

surreply is warranted to aid the Court's assessment of Petitioners' last-minute efforts to confuse and distort the record.

The Russian Federation thus respectfully requests the Court's leave to file the enclosed Proposed Sur-Surreply in Support of the Russian Federation's Motion to Extend this Court's Stay of Litigation.


Date:  August 29, 2020                                            Respectfully submitted,

**WHITE & CASE LLP**

*/s/ Carolyn B. Lamm*
Carolyn B. Lamm (D.C. Bar No. 221325)
Nicolle Kownacki (D.C. Bar No. 1005627)
David P. Riesenberg (D.C. Bar No. 1033269)
Jennifer Ivers (D.C. Bar No. 1027193)
Eric Chung (D.C. Bar No. 1027439)
701 Thirteenth Street, NW
Washington, DC 20005
Phone: (202) 626-3600
Fax: (202) 639-9355
clamm@whitecase.com


*Counsel for the Russian Federation*

## CERTIFICATE OF SERVICE

I certify that on August 29, 2020, the foregoing document was filed electronically and served upon all counsel of record via the Court's CM/ECF filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Carolyn B. Lamm*