UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., <br><br> *Petitioners*, <br><br> v. <br><br> THE RUSSIAN FEDERATION, <br><br> *Respondent*. | Case No. 1:14-cv-01996-BAH <br><br> Chief Judge Beryl A. Howell |

**STATUS REPORT ON INFORMATION
REQUIRED BY THE MINUTE ORDER OF MARCH 16, 2022**

This Status Report respectfully provides initial responses to the Minute Order issued by this Court on March 16, 2022.

As context, White & Case LLP and other lawyers for the Russian Federation in the Netherlands and other relevant jurisdictions are evaluating how to suspend and/or exit their representations of the Russian Federation in this case and other pending cases in accordance with applicable rules of professional responsibility. This process presents many legal, ethical, and practical obstacles, including those resulting from international sanctions. This evolving situation provides yet another reason to stay these proceedings during the ongoing parallel set-aside litigation in Amsterdam (*see* ECF Nos. 201, 208, 222) and while steps are taken to locate available and acceptable substitute Counsel for the Russian Federation.

In addition, as an update with respect to the Amsterdam proceedings, Petitioners filed a 100-page brief in the Amsterdam Court of Appeal on February 15, 2022, as anticipated (*see* ECF 215, ¶¶ 3-5). Subsequently, the Amsterdam Court authorized the Russian Federation to file a

response brief on May 17, 2022 (**Annex A**). Further updates regarding the course of the Amsterdam proceedings will be provided as they become known.

With respect to this Court's inquiries in the Minute Order, the undersigned counsel provide herein the best information available at the time of filing. The undersigned are not aware of any foreseeable risk of assets leaving the United States. To the contrary, at least some of the applicable sanctions appear to involve so-called "freezes" of assets that would block property from being removed from U.S. territory (without prejudice to whether those same assets would or would not be subject to sovereign immunity or available for attachment in execution of a civil judgment). *See, e.g.*, Office of Foreign Assets Control, Directive 4 Under Executive Order 14024 (Feb. 28, 2022); U.S. Dep't of Treasury, Press Release: Treasury Prohibits Transactions with Central Bank of Russia (Feb. 28, 2022) ("This action effectively immobilizes any assets of the Central Bank of the Russian Federation held in the United States or by U.S. persons, wherever located."). Further, the evidence of the most recent activity confirms the availability of Russian assets and the ability to perform obligations, such as the Russian Federation recently making a US$ 117 million coupon payment due on Eurobonds. Dana El Baltaji, *Russia Says Eurobond Coupon Paid to Correspondent Bank*, Bloomberg News (Mar. 17, 2022), https://www.bloomberg.com/news/articles/2022-03-17/russia-says-eurobond-coupon-payment-made-to-correspondent-bank-l0ur00f3.

This issue, however, implicates complex factual and legal questions, which cannot be addressed fully in 48 hours without additional research and further investigation of the information available at this time. Additional time is therefore required to research and analyze these questions, which neither party previously has briefed in this case, and for which circumstances have been evolving from week to week.

Moreover, as judges of this Court[1] and multiple current and former attorneys of the U.S. State Department regularly have acknowledged, "it may be much more time-consuming for a State to prepare its pleadings and have them reviewed and approved by relevant government entities."[2]  The undersigned also respectfully note that the lead attorney on this case is currently engaged in an unrelated three-week arbitration hearing in Paris for another, unrelated client, ending on April 1, 2022.

Accordingly, for the reasons set forth above, the Russian Federation respectfully requests this Court's leave to file a Supplemental Status Report more fully addressing this same category of legal and factual issues on April 15, 2022.  Alternatively, the Russian Federation respectfully requests this Court set a briefing schedule for both parties to comment on the impact of the sanctions and other recent developments, to ensure that this Court has an adequate record to rely upon in deciding the issues raised in the Minute Order on March 16, 2022.

Nothing herein is a waiver of sovereign immunity or any other sovereign issues (including the potential applicability of the political-question or act-of–state doctrines) and the Russian Federation reserves all rights.

---

[1] *E.g.,* Minute Order, *Chevron Corp. v. Republic of Ecuador* (D.D.C. Dec. 10, 2012) (No. 12-CV-01247) (granting Ecuador an additional 45-days over the objection of the opposing party).

[2] Jeremy Sharpe, *Representing a Respondent State in Investment Arbitration* in LITIGATING INTERNATIONAL INVESTMENT DISPUTES 43, 73 (Chiara Giorgetti ed., 2014); *see also* Rocío Digón & Marek Krasula, *The ICC's Role in Administering Investment Arbitration Disputes* in CONTEMPORARY ISSUES IN INTERNATIONAL ARBITRATION AND MEDIATION, 58, 67 n.27 (Arthur W. Rovine ed., 2014) (quoting a 2001 statement by Barton Legum of the U.S. State Department that intra-governmental discussions with "interested agencies" involve "an unusually complex and time-consuming exercise . . . [that] doubles the normal preparation time for government counsel in these cases"); Lucy Reed & Lucy Martinez, *The Convenient Myth of David and Goliath in Treaty Arbitration*, 3 WORLD ARB. & MED. REV. 443, 460 (2009) ("States do need more time to make decisions, [including] because of exhaustive vetting procedures[.]").

| | |
|---|---|
| March 18, 2022 | Respectfully submitted,<br><br>**WHITE & CASE**LLP<br><br>/s/ *Carolyn B. Lamm*<br>Carolyn B. Lamm (D.C. Bar No. 221325)<br>Nicolle Kownacki (D.C. Bar No. 1005627)<br>David P. Riesenberg (D.C. Bar No. 1033269)<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>Phone: (202) 626-3600<br>Fax: (202) 639-9355<br>clamm@whitecase.com<br><br>*Counsel for the Russian Federation* |