UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., <br><br> *Petitioners*, <br><br> v. <br><br> THE RUSSIAN FEDERATION, <br><br> *Respondent*. | Case No. 1:14-cv-01996-BAH <br><br> Chief Judge Beryl A. Howell |

**REPLY TO PETITIONERS' RESPONSE
CONCERNING THE STATUS REPORT ON SANCTIONS ISSUES[1]**

In their Response to Respondent's Status Report ("Response") (ECF No. 225), Petitioners again fail to identify any evidence that attachable property belonging to Respondent has been removed from the United States.

Instead, Petitioners quote a journalist's observation that "new sanctions are being added almost daily" and that "[i]nternational law firms say they have never had so many inquiries." Response ¶ 2 (quoting *The Economist*, "Banks and firms face a mammoth sanctions-compliance challenge," Mar. 19, 2022). This same observation unmistakably supports Respondent's position that the issues raised in the Minute Order "implicate[] complex factual and legal questions" warranting careful consideration by the Court. Status Report 2 (ECF No. 224).

---

[1] As noted previously (ECF No. 224), White & Case LLP is evaluating how to suspend and/or exit representations of the Russian Federation in accordance with applicable rules of professional responsibility, while steps are taken to locate available and acceptable substitute Counsel.

To that end, these issues should be fully briefed after appropriate research and investigation—not in order to "reward" Respondent, as Petitioners suggest (at ¶ 4), but to ensure that this Court has accurate, reliable, and complete information when deciding the Motion to Extend the Stay.  Indeed, this Court has frequently emphasized the relationship between the "complexity" of legal or factual questions and the need for full briefing and argument.  *E.g.*, *In re Rail Freight Fuel Surcharge Antitrust Litig. (No. II.)*, 2021 U.S. Dist. LEXIS 90200, at *71 (D.D.C. May 12, 2021) ("The complexity of this issue, however, warrants resolution . . . with the benefit of full briefing."); *UMC Dev., LLC v. District of Columbia*, 401 F. Supp. 3d 140, 156 n.2 (D.D.C. 2019) ("[T]he motion . . . raised complex issues and the interests of justice were best served by resolving the issues raised with the benefit of full briefing."); *Vargus v. McHugh*, 87 F. Supp. 3d 298, 303 n.2 (D.D.C. 2015) ("[T]his Court cannot even reach Defendant's jurisdictional arguments because it lacks full briefing.").

For this reason, Respondent respectfully asks this Court to grant Respondent's request to file a Supplemental Status Report on April 15, 2022, or to set a briefing schedule for both parties to comment on the issues referenced in the Minute Order, as necessary.

March 25, 2022                                                      Respectfully submitted,

**WHITE & CASE LLP**

/s/ *Carolyn B. Lamm*
Carolyn B. Lamm (D.C. Bar No. 221325)
Nicolle Kownacki (D.C. Bar No. 1005627)
David P. Riesenberg (D.C. Bar No. 1033269)
701 Thirteenth Street, NW
Washington, DC 20005
Phone: (202) 626-3600
Fax: (202) 639-9355
clamm@whitecase.com

*Counsel for the Russian Federation*