UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., | ) ) ) ) ) | Case No. 1:14-cv-01996-BAH |
| *Petitioners*, | ) ) | Chief Judge Beryl A. Howell |
| v. | ) ) ) |  |
| THE RUSSIAN FEDERATION, | ) ) ) |  |
| *Respondent*. | ) ) |  |

**RESPONSE TO PETITIONERS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

In their Notice of Supplemental Authority ("Notice") (ECF No. 223), Petitioners fail to provide any valid reason to deny the Motion to Extend the Stay (ECF No. 201).

Petitioners seek to rebut an argument that Respondent has never made. Specifically, Petitioners suggest that one of Respondent's "principal arguments" was rejected by the D.C. Circuit in *Process & Indus. Dev. Ltd. v. Federal Republic of Nigeria*, No. 21-7003, 2022 U.S. App. LEXIS 6300 (D.C. Cir. Mar. 11, 2022) ("*P&ID*"). According to Petitioners, Respondent has supposedly argued—as Nigeria did in *P&ID*—that the arbitration exception under the Foreign Sovereign Immunities Act ("FSIA") at 28 U.S.C. § 1605(a)(6) "does not apply because [Petitioners] lack[] a valid and enforceable award." Notice 1-2.

Respondent has never made this argument. Instead, Respondent has argued consistently that the FSIA's exception does not apply because there is no valid and enforceable agreement to arbitrate. *E.g.*, Supp. Mot. to Dismiss 2-3 (ECF No. 108); Sur-Surreply 3-8 (ECF No. 222). This argument was evidently never raised in the *P&ID* case. To the contrary, the D.C. Circuit noted

that the FSIA analysis was "straightforward" in *P&ID* precisely because "the existence of an arbitration agreement" was not disputed.  *P&ID*, 2022 U.S. App. LEXIS 6300, at *10-11 (quoting *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 877 (D.C. Cir. 2021)).  In the present case, by contrast, the issue of the existence of an agreement to arbitrate remains a core issue in dispute.  As Respondent consistently has explained, Respondent never offered—let alone agreed—to arbitrate with Petitioners, who are controlled by Russian nationals who obtained their investment through fraud and corruption, and thus cannot qualify as either "foreign" or "investors" eligible to pursue arbitration under the Energy Charter Treaty.  Supp. Mot. to Dismiss 2-3 (ECF No. 108); Sur-Surreply 3-8 (ECF No. 222).  Indisputably, the issue of the existence of an agreement to arbitrate is relevant to Respondent's sovereign immunity, as *P&ID* itself confirms.

To the extent that Respondent has previously made arguments concerning the potential lack of a valid and enforceable <u>award</u>, Respondent has argued only that a stay in this case is appropriate to avoid wasting judicial resources.  Indeed, this Court likewise emphasized in 2016 that, if the Dutch courts ultimately annul the awards, then "the Shareholders may choose to stipulate to dismissal of this action in view of this Court's questionable ability to confirm an award that has been lawfully set aside by a competent authority in the State in which the award was made."  Mem. Op. 21-22 (ECF No. 154) (internal citations and quotation marks omitted).  In contrast to *P&ID*, however, Respondent here never has argued that the potential set-aside would be a legal ground for any of Respondent's immunity defenses.

In any event, *P&ID* does not undermine any aspect of the reasoning set forth in this Court's 2016 and 2020 decisions (ECF Nos. 154, 194) ordering this case to be stayed while the Dutch litigation remained pending.  As the D.C. Circuit noted, Nigeria "d[id] not challenge" the District Court's denial of Nigeria's motion to stay.  *P&ID*, 2022 U.S. App. LEXIS 6300 at *6-7 n.1.  The

*P&ID* decision thus did not discuss any issues pertaining to judicial economy, international comity, or the balance of hardships—or the overlap of disputed issues[1] between the U.S. litigation and the parallel foreign litigation.  Indeed, the two cases are not procedurally analogous, given that *P&ID* involved litigation in <u>two</u> set-aside jurisdictions (Nigeria and the United Kingdom), based on the reference to the courts "of the country in which, or under the law of which, that award was made" found in Article V(1)(e) of the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 3 U.S.T. 2517.  *Process & Indus. Devs. Ltd. v. Fed. Republic of Nig.*, 506 F. Supp. 3d 1, 6 n.1 (D.D.C. 2020) ("On the record now before the Court, it appears likely that both English and Nigerian courts had the power to set aside the award.").  The present case, by contrast, has involved set-aside litigation only in the Netherlands, where the parties are presently exchanging 100 page briefs concerning HVY's procedural fraud.

Accordingly, because nothing in *P&ID* alters this Court's previous analysis, the Motion to Extend the Stay should be granted, as explained in Respondent's Motion, Reply, and Sur-Surreply (ECF Nos. 201, 208, 222).

March 25, 2022                                              Respectfully submitted,

**WHITE & CASE**LLP

/s/ *Carolyn B. Lamm*
Carolyn B. Lamm (D.C. Bar No. 221325)
Nicolle Kownacki (D.C. Bar No. 1005627)
David P. Riesenberg (D.C. Bar No. 1033269)
701 Thirteenth Street, NW,
Washington, DC 20005, +1 (202) 626-3600
clamm@whitecase.com

*Counsel for the Russian Federation*

---

[1] As detailed in Respondent's Sur-Surreply, the question of whether "the Russian Oligarchs exercise 'control in fact' with respect to Petitioners and their parent company, Group Menatep Ltd. ('GML')" remains a key question relating to <u>both</u> this Court's FSIA analysis <u>and</u> the ongoing litigation of the procedural fraud issue in Amsterdam.  Sur-Surreply 1 (ECF No. 222).