UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., <br><br>*Petitioners*, <br><br>v. <br><br>THE RUSSIAN FEDERATION, <br><br>*Respondent*. | Case No. 1:14-cv-01996-BAH <br><br>Chief Judge Beryl A. Howell |

## THIRD DECLARATION OF DR. ANDREY L. KONDAKOV

I, ANDREY L. KONDAKOV, declare as follows:

1. As set forth in my previous Declarations (ECF 127-2, 152-4), I am the Director General of the International Centre for Legal Protection (the "Centre"). The Centre has been tasked by the Prosecutor General's Office of the Russian Federation (PGO) with coordinating Respondent's legal defense in various jurisdictions, including where post-arbitration litigation is ongoing in connection with the arbitral awards rendered in favor of Hulley Enterprises Ltd., Yukos Universal Ltd., and Veteran Petroleum Ltd. ("Petitioners").

2. I provide below an update to this Court on the status of the parallel Dutch litigation and the efforts by the PGO and the Centre to obtain replacement legal advisers and counsel for Respondent in both the Netherlands and the United States.

3. In relation to the Motion for Leave to File a Supplemental Reply and the Proposed Supplemental Reply, which Respondent has filed today, I attach herewith a Supplemental Index of Documents (**Annex 1**). The listed documents have all been exchanged or exhibited during the

parallel Dutch litigation and the underlying international arbitration.  I note that Petitioners have had access to all these documents since 2019 at the latest (and in most instances much earlier).  These documents have been identified as relevant to this U.S. litigation by Respondent's counsel, and are cited in Part II-A and Part IV of the Proposed Supplemental Reply.

4. As context for the PGO and Centre's efforts to identify replacement legal advisers and counsel, I note a recent article published by Law.Com regarding obstacles that have arisen in connection with law firms' representation of Russian clients before U.S. courts and other Western courts.  Law.Com, *3 AmLaw50 Firms Continue to Struggle to Withdraw from Representing Sanctioned Russian Banks* (June 30, 2022) (**Annex 2**) ("[I]t has become clear that . . . finding substitute counsel [for Russian clients] in ongoing litigation is not easy.").  In some jurisdictions, this process has been complicated by various sanctions regimes.[1]

5. Against this background, the PGO and the Centre have been working diligently to identify qualified replacement counsel to act in the above-captioned litigation in the United States, as well as in the parallel annulment litigation before the Amsterdam Court of Appeal and other relevant jurisdictions (*e.g.*, the United Kingdom, Switzerland, and others).

6. On June 28, 2022, after the withdrawal of Respondent's previous Dutch lawyers, the Dean of the Amsterdam Bar appointed a replacement lawyer to represent Respondent in the annulment litigation.  The replacement lawyer has advised the Centre that Petitioners have now been granted leave to submit a reply brief in the Dutch proceedings, in order to address the

---

[1] "[L]aw firms are being prevented by international sanctions from representing sanctioned Russian parties," which "raise[s] issues about how to ensure that the rule of law prevails in disputes" involving such Russian parties.  See GAR, *Jones Voices Concern over "De-lawyering" of Russian Parties* (Mar. 31, 2022) (**Annex 3**) (quoting prominent arbitrator, Doug Jones).  Whether caused by voluntary withdrawals or by sanctions regimes, the unavailability of lawyers is "affecting the 'administration of justice . . . ' in a range of matters . . . . 'The rule of law needs to be taken seriously in the context of resolutions of disputes,'" and all participants must be given adequate representation for any justice system to work fairly.  *Id.* (same).

arguments raised by Respondent's submission of May 17, 2022. I am informed that Petitioners' reply is due on August 9, 2022. The Amsterdam Court of Appeal has further confirmed that Respondent will also be permitted to make a subsequent reply, although no deadline has yet been set for that submission or for any oral hearing in the Amsterdam litigation.

7. As to the U.S. litigation, I have been informed that White & Case LLP also intends to withdraw from the above-captioned litigation as soon as this can be accomplished in accordance with applicable ethical rules. I have communicated to White & Case LLP that Respondent will object on the basis that any such withdrawal would have a material adverse effect on Respondent's interests. In my view, the present stage of the U.S. litigation is highly complex and dependent upon a thorough knowledge of the procedural and evidentiary record, including not only the eight-year history of the above-captioned U.S. litigation and parallel foreign litigation (in the Netherlands and elsewhere), but also the previous decade of arbitration since 2005. Since the stay of this U.S. litigation was lifted in April 2022 (*see* ECF 228, 229), we have faced tight deadlines, which have created further obstacles to identifying qualified replacement counsel.

8. During the past several months, Centre's team has been taking the necessary steps to identify potential replacement candidates to assist during future stages of this U.S. litigation after White & Case LLP is permitted to complete its withdrawal. These discussions are ongoing, and I will endeavor to provide further updates to this Court as the situation evolves.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements of fact are true and correct.

Executed on July 11, 2022, in Moscow, Russian Federation.

_____
Dr. Andrey L. Kondakov