UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| HULLEY ENTERPRISES LTD., | ) | |
| YUKOS UNIVERSAL LTD., AND | ) | Case No. 1:14-cv-01996-BAH |
| VETERAN PETROLEUM LTD., | ) | |
| | ) | |
| *Petitioners*, | ) | Chief Judge Beryl A. Howell |
| | ) | |
| v. | ) | |
| | ) | |
| THE RUSSIAN FEDERATION, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**RESPONDENT'S MOTION FOR LEAVE
TO FILE A SUPPLEMENTAL REPLY IN SUPPORT OF ITS
MOTION TO DISMISS UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT**

Respondent respectfully moves this Court for leave to file a Proposed Supplemental Reply (attached as Annex 1), in response to Petitioners' Supplemental Submission (ECF 239), and hereby reasserts and preserves sovereign immunity from this Court's jurisdiction under the Foreign Sovereign Immunities Act ("FSIA").[1]

As this Court is aware, Petitioners' Supplemental Submission included additional materials comprising **more than 4,000 pages** collectively (*see* ECF 240, 241, 242, 243 and Exhibits). At

---

[1] Petitioners have advised that they do not consent to the relief sought in this Motion.

In a Third Declaration (ECF 244-2) filed with this Court, Dr. Andrey Kondakov has described the status of proceedings in the Netherlands and Respondent's efforts to obtain new U.S. counsel to replace White & Case LLP. In light of the complex and fact-intensive nature of the current phase of proceedings (following termination of the stay in April 2022, ECF 228, 229), the undersigned have been unable to withdraw from this representation without material adverse effect on this litigation.

White & Case LLP has advised Respondent that it will file a Motion to Withdraw as Counsel as soon as possible under the ethical rules.

the last possible minute, Petitioners filed these extensive materials in support of Petitioners' Opposition to Respondent's Motion to Dismiss (ECF 63), which was originally submitted almost seven years ago in 2015. As detailed further below, therefore, the Proposed Supplemental Reply is justified on three separate grounds.

*First*, Petitioners' massive submission contains many new arguments and demonstrably false assertions, as further specified in the Proposed Supplemental Reply. Under exactly the same standard previously invoked—by Petitioners—multiple times throughout this litigation, Respondent should therefore be permitted an "opportunity to respond to new arguments and to correct factual misstatements" in Petitioners' submission. *See* Pet'rs' Mot. for Leave to File a Sur-Reply 1 (ECF 213) (granted by Minute Order of Feb. 24, 2022); *see also Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014) (permitting additional briefing where "helpful to the resolution of the pending motion" (quoting *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012))).

Indeed, courts in this District have routinely granted leave to file additional replies and sur-replies where necessary to ensure balanced pleading and accuracy of the record. *See, e.g.*, Minute Order, *Breeze, Jr. v. Kabila Inc.*, No. 1:21-cv-00753-JDB (D.D.C. Aug. 31, 2021) (permitting sur-reply); Minute Order, *Scudder v. CIA*, No. 1:12-cv-00807-BAH (D.D.C. Feb. 21, 2014) (Howell, C.J.) (permitting sur-reply); Minute Order, *Elec. Priv. Info. Ctr. v. Nat'l Sec. Agency*, No. 1:10-cv-00196-BAH (D.D.C. Dec. 18, 2014) (Howell, C.J.) ("GRANTING, over the objection of the defendant, the plaintiff's . . . Motion for Leave to File a Sur-Surreply."). For example, in the present litigation, this Court has permitted both Petitioners and Respondent to file supplemental briefs over the opposing party's objection on multiple occasions. *See, e.g.*, Minute Orders of Feb. 24, 2022 (permitting both parties to file additional replies); Minute Order of Sept. 2, 2020

(permitting Respondent to file additional reply); Minute Order of August 26, 2020 (permitting Petitioners to file additional reply).

***Second***, in support of their Supplemental Submission, Petitioners have now filed <u>seven Witness Statements</u> totaling <u>more than 100 pages</u> (ECF 241-02, 241-05, 241-06, 241-07, 241-08, 241-16, 241-28).  All of these witnesses were already available to Petitioners in 2015 and 2016, and yet this Court is only now receiving their written testimony (at the last possible minute).  These seven Witness Statements are of critical importance to Petitioners' factual assertions, and are together cited sixteen times in the Supplemental Submission (ECF 239 at 32, 34, 35 & n.29, 38, 42 & n.39).

Under the FSIA, this Court is precluded from "assuming the truth of an allegation of jurisdictional fact contested by the defendant[,]" and thus must allow Respondent an opportunity to rebut allegations made in these seven Witness Statements. *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (reversing and remanding for determination of jurisdictional facts under the FSIA).  As the D.C. Circuit's precedents require, therefore, the Proposed Supplemental Reply is justified as a matter of due process and fundamental fairness, insofar as "litigants must not be encouraged to 'sandbag'" their opponents, as Petitioners have flagrantly done here.  *USAir, Inc. v. DOT*, 969 F.2d 1256, 1260 (D.C. Cir. 1992).  Fundamentally, the FSIA requires this Court to "resolve th[e] factual dispute[s]" arising from Petitioners' seven Witness Statements after providing to Respondent "ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Phoenix Consulting*, 216 F.3d at 40-41 (internal quotation marks and citation omitted).

The procedural implications of the remaining factual disputes are further addressed in Respondent's Motion for an Evidentiary Hearing (ECF 244).  *See Wye Oak Tech., Inc. v. Republic*

*of Iraq*, 24 F.4th 686, 698 (D.C. Cir. 2022) (evaluating the district court's determination of "whether any FSIA exception had been triggered" after "a full adversarial hearing of the issues" (emphasis added)); *Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 235 F.3d 738, 747-48 (2d Cir. 2000) (reversing and remanding to permit "the depositions of [key witnesses] to assist the court in undertaking an FSIA jurisdiction analysis[,]" because it was "essential for the district court to afford the parties the opportunity to present evidentiary material at a hearing on the question of FSIA jurisdiction" (emphasis added)); *see also Richardson v. Donovan*, 673 F. App'x 246, 249 (3d Cir. 2016) (reversing and remanding for an evidentiary hearing regarding the jurisdictional facts relevant to the FSIA).  For present purposes, however, it is worth noting that Respondent's Proposed Supplemental Reply will assist this Court by framing the parties' (remaining) factual disagreements with additional clarity and precision.  This further clarification will help to facilitate more efficiently the evidentiary hearing and other procedural steps outlined in the Motion for an Evidentiary Hearing.

Relatedly, Petitioners are now also asking this Court to consider eight additional Expert Reports totaling more than 500 pages (ECF 241-25, 242, 242-2, 242-3, 242-4, 243-1, 243-2, 243-3) addressing questions of foreign law.  These include at least one Expert Report raising entirely new arguments (ECF 242).  Under Rule 44.1 of the Federal Rules of Civil Procedure, all of these issues must be analyzed as "question[s] of law[,]" such that the D.C. Circuit will ultimately be faced with deciding such questions *de novo* and "on the basis of [its] own independent research and analysis." *Ry. Labor Executives' Asso. v. United States R. Ret. Bd.*, 749 F.2d 856, 860 n.7 (D.C. Cir. 1984) (internal quotation marks and citation omitted).

In light of this *de novo* framework, it is inefficient and unproductive for Petitioners to seek to cut off the debate before this Court artificially.  Indeed, where litigants dispute questions of

foreign law, this Court is empowered to "'request a further showing by counsel, or engage in its own research, or direct that a hearing be held, with or without oral testimony, to resolve the issue.'" *Eshel v. Comm'r*, 831 F.3d 512, 522 (D.C. Cir. 2016) (quoting Wright & Miller, Federal Practice & Procedure § 2444 (3d ed. 1998)).  Respondent should therefore be permitted to provide a complete and comprehensive record to facilitate this Court's review of the relevant foreign legal sources at first instance—rather than inefficiently postponing the discussion of the relevant foreign legal sources until after the matter has already gone up on appeal.

*Third*, and finally, this Court previously has recognized that additional briefing may sometimes be appropriate where needed "to give full consideration to [a] sovereign party's arguments . . . ." Memorandum Opinion 7 n.4, Sept. 30, 2016 (ECF 154); Minute Order, *Simon v. Republic of Hungary*, No. 1:10-cv-01770 (D.D.C. July 5, 2011) (Howell, C.J.) (granting leave for the Republic of Hungary to file a sur-surreply).  "When a defendant foreign state has appeared and asserts legal defenses, . . . it is important that those defenses be considered carefully and, if possible, that the dispute be resolved on the basis of all relevant legal arguments." *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1551-52 (D.C. Cir. 1987) (Ginsburg, J., joined by Bork, J., and Wald, C.J.) (citations omitted).  The Proposed Supplemental Reply thus permits Respondent, as a foreign State, the opportunity to present fully all relevant arguments relating to this Court's determination of sovereign immunity.

Respectfully, therefore, this Court should grant the present Motion and permit Respondent to submit the Proposed Supplemental Reply.

| | |
|---|---|
| Date:  July 14, 2022 | Respectfully submitted, |

**WHITE & CASE**LLP

*/s/ Carolyn B. Lamm*
Carolyn B. Lamm (D.C. Bar No. 221325)
Nicolle Kownacki (D.C. Bar No. 1005627)
David P. Riesenberg (D.C. Bar No. 1033269)
701 Thirteenth Street, NW
Washington, DC 20005
Phone: (202) 626-3600
clamm@whitecase.com

*Counsel for Respondent*