## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| HULLEY ENTERPRISES LTD., | ) | |
| YUKOS UNIVERSAL LTD., AND | ) | Case No. 1:14-cv-01996-BAH |
| VETERAN PETROLEUM LTD., | ) | |
| | ) | |
| *Petitioners*, | ) | Chief Judge Beryl A. Howell |
| | ) | |
| v. | ) | |
| | ) | |
| THE RUSSIAN FEDERATION, | ) | |
| | ) | |
| *Respondent*. | ) | |
| _____ | ) | |

## RESPONDENT'S REPLY IN SUPPORT
## <u>OF MOTION TO FILE A SUPPLEMENTAL REPLY</u>

In June 2022, Petitioners made a 4,000-page submission to this Court (ECF 239, 240, 241, 242, 243, with exhibits).  In this submission, Petitioners completely transformed the arguments they had raised previously in 2015 and 2016—and even contradicted many of Petitioners' previous legal positions, as detailed below.

For example, Petitioners have now dropped their 2016 argument that "[t]he Dutch decision has no bearing on the subject-matter jurisdiction of this Court under the arbitration exception to sovereign immunity."  ECF 104.  Indeed, Petitioners take exactly the opposite view in 2022.  Pet'rs' Resp. to Notice of Suppl. Auth. 1 (ECF 239).  Petitioners also now suggest that Russian case law rendered after 2005 should not apply "retroactively," whereas before Petitioners had <u>exclusively</u> cited Russian case law rendered after 2005.  *See* Resp't's Suppl. Reply 14 (ECF 246-1); ECF 248-2 ¶¶ 68-70.  Petitioners also had never previously submitted any factual testimony in this case, and now Petitioners have proffered more than <u>100 pages of</u>

testimony concerning disputed issues of material fact.  ECF 241-2, 241-5, 241-6, 241-7, 241-8, 241-16.  Many more similar examples are discussed below.

Petitioners' 4,000-page overhaul was not contemplated by this Court's briefing schedule, which provided modestly that the parties would be given an "opportunity to update" their previous submissions.  *See* Mem. Op. 2 & n.1, 17, 20 (ECF 229); Min. Order, Apr. 25, 2022. The changes introduced by Petitioners' June 2022 submission were not "updates" in any sense of the word, and Petitioners have made no effort to justify these extraordinary changes in position.

Accordingly, as both parties have repeatedly done in this case, Respondent filed a Motion for Leave (ECF 246) seeking an opportunity to comment on Petitioners' June 2022 submission in an additional "Supplemental Reply."   Indeed, Respondent invoked the same standard that Petitioners had previously invoked in relation to their own supplemental briefing in January 2022 (ECF 213) and August 2020 (ECF 185).  That is, Respondent's additional brief was necessary "to respond to new arguments and to correct factual misstatements."  Mot. for Leave 2; *see also* ECF 185, ECF 213.

Respondent also invoked another standard that courts of this District have previously applied many times in similar cases—that additional briefs are permitted wherever "helpful to the resolution of the pending motion."  *Yanofsky v. United States DOC*, No. 19-cv-2290-FYP, 2022 U.S. Dist. LEXIS 137464, at *3 (D.D.C. Mar. 31, 2022) (internal quotation marks and citation omitted); *Amissah v. Gallaudet Univ.*, No. 19-679-RC, 2022 U.S. Dist. LEXIS 159507, at *20 (D.D.C. Sept. 2, 2022) (granting surreply where "the sur-reply is helpful for the Court to understand certain parts of . . . [the] arguments in greater detail").  This standard is relevant, as Respondent explained, in the context of Rule 44.1 of the Federal Rules of Civil Procedure, which calls upon this Court to adjudicate questions of foreign law—a particularly challenging task in

cases where the applicable foreign legal sources are not easily available in English.  Mot. for Leave 4-5.

Remarkably, in their Opposition to the Motion for Leave ("Opposition") (ECF 250-1), Petitioners never even acknowledge these standards, let alone say why Respondent's Proposed Supplemental Reply does not satisfy them.  Instead, Petitioners cite to inapposite case law— where this Court applied explicitly different standards in obviously distinguishable circumstances—in an apparent effort to change the rules of the game.  *E.g.*, *United States v. Eisenberg*, 149 F. Supp. 3d 71, 85 (D.D.C. 2015) (considering a <u>motion to amend the pleadings</u> to include <u>additional counterclaims</u>, which must satisfy a "higher 'good cause' standard" under Fed. R. Civ. P. 16(b)(4)).  Not even one of the cases cited in Petitioners' Opposition actually relates to the simple question at issue here—a request for this Court's leave to respond to Petitioners' new arguments and new factual evidence in this case.

Accordingly, for the reasons explained below, the Proposed Supplemental Reply is permissible and appropriate under the applicable standard.  Respondent therefore respectfully asks this Court to grant leave to file the Proposed Supplemental Reply.

## ARGUMENT

### I.    None of Petitioners' Case Law Supports Petitioners' Arguments

Remarkably, Petitioners have failed to identify even a single case decided by this Court— or any other court—that supports Petitioners' current arguments.

***First***, Petitioners refer to a supposed "good cause" standard throughout their Opposition (Opp'n 1, 4, 7, 8, 9) based on citations to *Eisenberg*, 149 F. Supp. 3d at 85.  That case, however, did not involve any supplemental briefs or any similar issue.  To the contrary, that case involved a motion to amend the <u>pleadings</u> (as defined under Rule 7 of the Federal Rules of Civil

Procedure) in order to add a new "counterclaim for civil conspiracy" even though "approximately nine months" had passed since "the deadline . . . to submit amended pleadings." *Eisenberg*, 149 F. Supp. 3d at 85.  As this Court stated explicitly in that case, such motions must satisfy a "higher 'good cause' standard" based on the text of Rule 16 of the Federal Rules of Civil Procedure.  *Id.*  In the present case, by contrast, no party has invoked Rule 16, sought to amend any pleading, or missed any "deadline" by nine months.  This Court's reasoning in *Eisenberg*, therefore, has no relevance to the present case or the Proposed Supplemental Reply.

 **Second**, Petitioners cite (at 4) to *Nyambal v. Mnuchin*, 245 F. Supp. 3d 217 (D.D.C. 2017).  In that case, however, the court struck the party's "supplement" because the party had failed to "request the Court's permission" before making the supplemental filing.  *Id.* at 221.  In the present case, by contrast, Respondent asked for leave and provided specific reasons justifying the supplemental submission in the Motion for Leave filed on July 14, 2022.

 **Third**, Petitioners cite two cases where foreign sovereign States had moved to vacate default judgments against them.  *See* Opp'n 7 (quoting extensively from *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1551 (D.C. Cir. 1987), and *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 972 (6th Cir. 1991)).  Those cases do not mention supplemental briefs or any related issue.

 **Fourth**, Petitioners actually do cite (at 8) one apposite case—but that case supports Respondent's position, not Petitioners.  Specifically, in *Doe v. Exxon*, 69 F. Supp. 3d 75 (D.D.C. 2014), a court in this District confirmed that "leave to file" an additional brief is "routinely granted,'" including if the "surreply would be helpful to the resolution of the pending motion." *Id.* at 85.

Accordingly, none of the case law cited by Petitioners provides any support for the more demanding standard that Petitioners have proposed.

## II.   Respondent Did Not "Violate" this Court's Order

Petitioners suggest repeatedly that Respondent "defie[d]," "violate[d]" or failed to obey this Court's Order of April 13, 2022.  Opp'n 1-3, 7.  That is not correct.

In the briefing schedule, this Court did not address the issue of motions for leave to file additional briefs.  The briefing schedule, therefore, is analogous to Local Rule 7, which permits certain briefs as of right, but does not address sur-replies or motions for leave to submit sur-replies.  Certainly, litigants do not "defy" or "violate" Local Rule 7 when they seek leave to submit a sur-reply.  This is because the decision to permit an additional brief "is entrusted to the sound discretion" of this Court.  *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012).  Indeed, Respondent has never suggested that Petitioners violated Local Rule 7 in January 2022 and August 2020, when Petitioners previously moved this Court for leave to file sur-replies.  *See* ECF 185, ECF 213.

Accordingly, Petitioners' frivolous suggestion that Respondent has "defied" or "violated" this Court's order should be rejected.  To the contrary, Respondent has merely asked for leave to submit the Proposed Supplemental Reply to assist the Court and correct the record—which is a matter for this Court's sound discretion.

## III.   Petitioners' June 2022 Submission Did Not "Update," But Completely Transformed Petitioners' 2015 and 2016 Arguments

As explained above, one key factor in considering Respondent's Motion for Leave is whether the additional briefing addresses "arguments or issues" that had been raised "for the first time" in the prior submission.  *Yanofsky*, 2022 U.S. Dist. LEXIS 137464, at *3 (internal quotation marks and citation omitted).  Petitioners' 4000-page submission in June 2022

contained numerous such issues and, indeed, completely transformed Petitioners' 2015 and 2016 arguments.

*First*, Petitioners have completely reversed their 2016 position on whether the Dutch courts' rulings are binding on this Court under the doctrines of issue preclusion or comity. In their 2016 submissions before this Court, Petitioners argued that "[t]he Dutch decision has no bearing on the subject matter jurisdiction of this Court under the arbitration exception to sovereign immunity." Pet'rs' Resp. to Resp't's Notice of Suppl. Auth. 1; Pet'rs' Mot. to Strike 3 (ECF 123) (repeating the argument that "the Dutch Judgment had no impact on the subject matter jurisdiction of this Court"). In their Supplemental Submission, Petitioners are now making precisely the opposite argument. *See* ECF 239 at 9.

*Second*, throughout their 2015 response to Respondent's initial Motion to Dismiss, Petitioners never disputed Respondent's argument regarding the "clear and unambiguous" standard applicable to agreements to arbitrate in instruments such as the Energy Charter Treaty ("ECT"). *See* Mot. to Dismiss 40-41 (ECF 24). To the contrary, Petitioners argued repeatedly that the ECT satisfied that standard. *See* Mem. of Law in Opp'n to Mot. to Dismiss 5, 22, 25 (ECF 63). Now, Petitioners have argued—for the first time—that the "clear and unambiguous" standard applies only to waivers of sovereign immunity, whereas a different standard purportedly applies to arbitration agreements. Pet'rs' Suppl. Submission 9 (notably failing to address Respondent's legal authorities concerning this issue, *see* Resp't's Proposed Suppl. Reply 2-7).

*Third*, Petitioners never made any submissions concerning Russian constitutional law in the 2015 and 2016 submissions, whereas their June 2022 submission purports to rely extensively on such arguments. *See* Opp'n 17-23. Moreover, Petitioners explicitly concede—as they must—that the arguments in their June 2022 submission about the 2020 Decision of the Russian

Constitutional Court ("2020 Decision") are entirely new, and have never previously been raised in any jurisdiction.  This is because the 2020 Decision was issued after the Court of Appeal of The Hague issued its judgment in February 2020, and the Dutch Supreme Court was not permitted to review decisions concerning Russian law as a matter of Dutch procedural rules.

Respondent therefore had no notice of the arguments that Petitioners' Russian law expert, Professor Mishina, would make in her opinion of June 2022 (ECF 242).  Nor could Respondent predict Petitioners' bizarre reversal on the issue of retroactivity.  Specifically, Petitioners now suggest that Russian case law rendered after 2005 should not apply "retroactively," *see* Pet'rs' Suppl. Submission 2, whereas before Petitioners had <u>exclusively</u> cited Russian case law rendered after 2005.  *See* Resp't's Suppl. Reply 14; ECF 248-2 ¶¶ 68-70.

*Fourth*, Petitioners' submission on factual issues pertaining to Respondent's corporate veil piercing arguments is "new" because, until now, Petitioners vigorously had tried to <u>avoid</u> briefing such factual issues in this Court.  That is, while Petitioners submitted numerous briefs to this Court in 2015 and 2016, Petitioners declined to submit any factual testimony regarding these arguments.  Indeed, after Respondent identified newly discovered factual documents pertaining to these issues in Respondent's 2016 brief (*see* ECF 108 at 3-4), Petitioners did not respond with factual rebuttals of their own—but instead immediately moved to strike (ECF 123) the Supplemental Motion and suspend the briefing.  Accordingly, Petitioners never responded to the factual allegations in this U.S. litigation before this Court issued the 2016 Stay.

Moreover, Petitioners have proffered seven witness statements together with their June 2022 submission in relation to the disputed issues concerning the abuse of Petitioners' corporate formalities.  Petitioners do not deny that these supplemental declarations are new to these proceedings.  Under the standards applied by this Court, Respondent should therefore be

permitted to respond.  *Exxon*, 69 F. Supp. at 85 ("This Court has previously granted leave to file a surreply when the opposing party's reply brief included a supplemental declaration.").[1]

## IV.   The Proposed Supplemental Reply Is Particularly Justified in the Context of Rule 44.1 of the Federal Rules of Civil Procedure

As previously explained, Respondent's additional brief is particularly relevant in the context of Rule 44.1 of the Federal Rules of Civil Procedure.  Under Rule 44.1, this Court is called upon to adjudicate foreign-law matters as questions of law, including "on the basis of independent examination of foreign legal authorities."  *Inter Med. Supplies, Ltd. v. Ebi Med. Sys.*, 181 F.3d 446, 459 (3d Cir. 1999) (internal quotation marks and citation omitted); *see also Eshel v. Comm'r*, 831 F.3d 512, 522 (D.C. Cir. 2016) (noting that Rule 44.1 contemplates that a federal court will "engage in its own research" into foreign legal issues).  This task may be particularly challenging where such foreign legal authorities are not easily available in English.

Significantly, Petitioners never even mention Rule 44.1, or the unique burdens that it places on this Court.  Instead, Petitioners believe that this Court should be deprived of the analysis of foreign-law questions provided in the Proposed Supplemental Reply and the accompanying Expert Report of Professor Avtonomov (ECF 248-2).  Petitioners' arguments in this regard, however, are baseless.

In particular, Respondent's filing of the Third Avtonomov Declaration on August 1, 2022 (as opposed to on July 14, 2022) did not prejudice Petitioners in any way.  This Court has frequently allowed parties to seek leave to file additional briefing even without attaching the "proposed" supplemental submission.  *E.g.*, Min. Order, *American Council of the Blind. v.*

---

[1] As further discussed in Respondent's briefing on the Motion for Evidentiary Hearing, Respondent should be able to cross-examine the witnesses Timothy Osborne, Kelvin Hudson, Leonid Nevzlin, and Vladimir Dubov on such fact testimony.

*Tangherlini*, No. 14-cv-671-BAH (D.D.C. Oct. 30, 2014) (Howell, J.).[2]  Accordingly, if there is no rule obligating the movant to attach the proposed brief to the motion for additional briefing, there likewise cannot be any rule obligating the movant to include the supporting materials.

In any event, even though Respondent was under no obligation to do so, Respondent did attach the principal brief—*i.e.*, the Proposed Supplemental Reply—as an annex to the Motion for Leave.  This document cited and broadly summarized the Third Avtonomov Declaration. Petitioners were therefore well aware of the Third Avtonomov Declaration when they sought extension of the briefing schedule in the Joint Motion to Amend the Briefing Schedule on July 18, 2022 (ECF 247).  Petitioners did not then suggest that they were prejudiced in any way.

Moreover, Respondent subsequently did file the Third Avtonomov Declaration on August 1, 2022, such that Petitioners ultimately had two full weeks—*i.e.*, the ordinary amount of time to file an Opposition under the Local Rules—to study its implications.  Accordingly, there is equally no basis for Petitioners' so-called "Motion to Strike," which is particularly unnecessary when Respondent has not yet been granted leave to docket either the Proposed Supplemental Brief or the Third Avtonomov Opinion, filed in support thereof.[3]

---

[2] *See also* Min. Order, *Renchard v. Prince William Marine Sales, Inc.*, No. 1:13-cv-00698-BAH (D.D.C. May 12, 2014) (Howell, J.) (granting Motion for Leave to File Sur-Reply without proposed brief being attached to motion); Min. Order, *Mobley v. Department of Defense*, No. 1:11-cv-02073-BAH (D.D.C. Oct. 31, 2012) (Howell, J.) (granting Motion for Leave to File Sur-Reply without proposed brief being attached to motion); Min. Order, *National Security Counselors v. Central Intelligence Agency*, No. 1:11-cv-00444-BAH (D.D.C. Mar. 13, 2012) (Howell, J.) (granting Motion for Leave to File Sur-Reply without proposed brief being attached to motion).

[3] As Respondent explained to Petitioners by email, there is nothing yet to "strike."  The Court has not yet docketed the Proposed Supplemental Reply (ECF 246-1).  The Declaration is merely an attachment thereto as noted, e.g., on PACER.  The Declaration will be docketed, therefore, only if the Court permits Respondent to file the Supplemental Reply.  The Declaration is explicitly covered by Respondent's pending request for leave to file the Supplemental Reply (ECF 246).

V.   **Any Current "Delay" Is the Result of Petitioners' Own Strategic Decisions**

Petitioners complain extensively about "delay."   *See* Opp'n 8-9.   Such complaining, however, cannot rewrite the history of this case, which shows that most of the supposed "delay" has resulted from Petitioners' own strategic choices.

As this Court has previously noted, these proceedings were originally stayed for four years at Petitioners' own request.  Mem. Op. 1-2 (ECF 194).  Petitioners argued it was in the "[i]nterests of judicial economy" to await the outcome of the Dutch litigation—at least when it benefited Petitioners.  Petr's' Mem. in Support of Mot. to Stay 9 (ECF 105-1).  Having benefited from this Court's stay of these proceedings, Petitioners cannot now be heard to complain about such delay or to suggest that it results from Respondent's conduct.

It is also Petitioners—and not Respondent—who chose to inundate this Court with a 4,000-page submission with seven new witness statements in June 2022, at the last possible time. The predictable result of Petitioners' decision was that Respondent would seek leave to respond to Petitioners' new arguments.  *See, e.g.*, *Stonehill v. IRS*, 558 F.3d 534, 541 (D.C. Cir. 2009) (noting that the litigant's "complaints about delay cannot be totally divorced from the choices he made").

Petitioners also repeatedly assert that "months" have now passed since this Court lifted the stay.  Opp'n 1, 3, 4.  In a case of this complexity, however, this hardly reflects excessive delay.  To the contrary, Respondent filed its Motion for Leave approximately one month after Petitioners' Supplemental Submission, which fully accords with the one-month briefing periods that both parties have consistently requested in Joint Motions and Consent Motions throughout this litigation.  *E.g.* Joint Motion (ECF 247) (seeking roughly one month each); Consent Motion (ECF 230) (seeking roughly one month each); Joint Status Report (ECF 176) (seeking roughly

one month each).  Petitioners therefore cannot claim prejudice from Respondent's one-month briefing period, when viewed in the context of the Parties' continuous practice.  Indeed, the most immediate delays are presently resulting from Petitioners' refusal to cooperate with Respondent's request to cross-examine and obtain limited documents from Petitioners' own witnesses, resulting in further supplemental briefing on those issues.

Accordingly, Petitioners' complaints about delay, and any implication of undue prejudice, should be rejected.  It is Petitioners who have caused and continue to cause delay in examining the issues.

<u>**CONCLUSION**</u>

For these reasons, this Court should grant leave for Respondent to file the Proposed Supplemental Reply.

Date:  September 15, 2022                                    Respectfully submitted,

**WHITE & CASE**LLP

<u>*/s/ Carolyn B. Lamm*</u>
Carolyn B. Lamm (D.C. Bar No. 221325)
Nicolle Kownacki (D.C. Bar No. 1005627)
David P. Riesenberg (D.C. Bar No. 1033269)
701 Thirteenth Street, NW
Washington, DC 20005
Phone: (202) 626-3600
Fax: (202) 639-9355
clamm@whitecase.com

*Counsel for Respondent*