UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., <br><br> *Petitioners*, <br><br> v. <br><br> THE RUSSIAN FEDERATION, <br><br> *Respondent*. | Case No. 1:14-cv-01996-BAH <br><br> Judge Beryl A. Howell |

**RESPONDENT'S MOTION FOR
CLARIFICATION OF THIS COURT'S MINUTE ORDER**

Respondent hereby submits this Motion for Clarification of this Court's Minute Order dated December 6, 2023 ("2023 Minute Order") in light of the apparent confusion reflected in Petitioners' subsequent correspondence, as detailed below.[1]

In the days since the 2023 Minute Order, Respondent has respectfully decided to file an interlocutory appeal of this Court's decision concerning the interpretation and application of the Foreign Sovereign Immunities Act ("FSIA"). *See* Mem. Op. ("FSIA Opinion") (ECF 276), Nov. 17, 2023. Respondent will therefore file a timely Notice of Appeal in accordance with the applicable thirty-day deadline falling on December 18, 2023. *See* Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C).

Accordingly, as confirmed in the 2023 Minute Order, this Court will be divested of jurisdiction to take further steps concerning the Parties' arguments under the 1958 Convention on

---

[1] After conferring with Respondent, Petitioners confirmed their disagreement with Respondent's interpretation of the 2023 Minute Order. Petitioners "do agree" in principle, however, "that clarification is needed." Email of Steven M. Shepard to Carolyn B. Lamm (Dec. 15, 2023).

the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). *See* 2023 Minute Order (explaining that the Court will not "maintain jurisdiction to consider confirmation of the arbitration awards in the event Respondent appeals" and rejecting Petitioners' contrary argument as "unpersuasive[]").[2]

Based on this explicit jurisdictional holding, Respondent thus interprets the final clause of the 2023 Minute Order as providing only for a provisional briefing schedule—*i.e.*, the Parties would have been obligated to brief the non-jurisdictional issues only if Respondent had decided not to appeal the FSIA Opinion. In correspondence, however, Petitioners now take the surprising position that the Parties must nevertheless "proceed with briefing Respondent's Motion to Deny Confirmation . . . regardless of whether Respondent files a notice of appeal." Pet'rs' Draft Joint Mot. for Clarification 2 (Dec. 13, 2023) (attachment to Email from Stephanie Spies to Carolyn B. Lamm, Dec. 13, 2023) (emphasis added). According to Petitioners, even if divested of jurisdiction to "consider" the Parties' submissions, this Court may nevertheless "*receive* the briefs." *Id.* In Petitioners' view, this unusual result obtains because this Court "unquestionably had jurisdiction" to enter the briefing schedule last week, even though this Court will be divested of jurisdiction beginning next week. *Id.*

For the reasons described below, Respondent now asks this Court to reject Petitioners' interpretation of the 2023 Minute Order.

---

[2] *See also, e.g.*, *Bombardier Corp. v. Amtrak*, No. 02-7125, 2002 U.S. App. LEXIS 25858, at *2 (D.C. Cir. Dec. 12, 2002) (explaining that any "appeal from [the] denial of [a] motion to dismiss on grounds of sovereign immunity divests" the lower court of jurisdiction over the "entire case") (citing *Princz v. Fed. Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1993) (per curiam))); *Azima v. Rak Inv. Auth.*, No. 16-cv-1948-KBJ, 2018 U.S. Dist. LEXIS 225192, at *5-7 (D.D.C. Nov. 5, 2018) (explaining that, where a "pending appeal involves the threshold issue of foreign sovereign immunity," the district court "regains jurisdiction only once the court of appeals issues its mandate" and, in the meantime, is "divested . . . of jurisdiction over the entire case").

***First***, Petitioners' interpretation is contrary to law. Regardless of when the briefing schedule was entered, its compulsory effect will be suspended after the "'filing of a notice of appeal,'" whereupon this Court will be "'divest[ed] . . . of its control'" over the case. *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 352 n.3 (D.C. Cir. 1997) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Notably, these precedents consistently refer to the broad divestment of a district court's "control." The case law provides no support for Petitioners' implausible distinction—*i.e.*, the farfetched idea that this Court can "receive" submissions that it lacks jurisdiction to "consider."

Indeed, the 2023 Minute Order cited to the D.C. Circuit's binding decision in *Process & Industrial Development Ltd. v. Federal Republic of Nigeria* ("*P&ID*"), 962 F.3d 576 (D.C. Cir. 2020). As this Court is well aware, *P&ID* was prompted specifically by "a briefing order," which "forced merits litigation while a threshold immunity assertion was left unresolved." *Id.* at 580, 582. As *P&ID* confirmed, it was improper "to forge ahead" with briefing the merits while the "foreign sovereign . . . [was] seek[ing] immediate review" through an interlocutory appeal to the D.C. Circuit. *See id.* at 580-83. Although Petitioners have attempted—several times—to counter this understanding with various "waiver" theories (*see, e.g.*, ECF 277 at 3-4), this Court has consistently rejected all such arguments in previous rulings. *See* 2023 Minute Order (describing this argument as "unpersuasive[]"); Minute Order of April 25, 2022 (rejecting Petitioners' earlier version of the same argument).[3]

---

[3] *See also* Resp.'s Mot. for Clarification 4-5 (ECF 231) (explaining why, given the complex "history" of this case, "'nothing in the record establishes that [Respondent] ever disclaimed or withdrew its long-preserved assertion of [Respondent's] sovereign immunity' from the burdens of litigation" (quoting *Wye Oak Tech., Inc. v. Republic of Iraq*, Nos. 19-7162, 19-7169, 2022 U.S. App. LEXIS 3168, at *22 (D.C. Cir. Feb. 4, 2022)).

3

***Second***, the terms of the 2023 Minute Order also explain why Petitioners' approach would be duplicative, wasteful, and impractical.  As this Court concluded, the supplemental briefing is justified in part based on the passage of time—*i.e.*, because previous submissions now "require[] updating in citation to relevant law and procedural history."  2023 Minute Order.  In the present circumstances, any supplemental briefing in February and March 2024 would therefore need to be supplemented <u>again</u> after conclusion of Respondent's appeal.  This will likely be a substantial undertaking.  The FSIA Opinion postponed considering many of Respondent's "challenges" and denied Respondents' motions "without prejudice," such that all these issues will need to "be addressed at the enforcement stage of these proceedings."[4]

In this regard, this Court has previously emphasized "the potential waste of time and resources" that results where "the current status" of a parallel proceeding creates a "moving target."  *Hulley Enters. v. Russian Fed'n*, 502 F. Supp. 3d 144, 161-63 (D.D.C. 2020).  In the present instance, there are multiple moving targets—including not only Respondent's appeal to the D.C. Circuit, but also the annulment litigation pending in the Amsterdam Court of Appeal.  *See* Response to Pet'rs' Notice of Supp. Authority (ECF 270) (describing the procedural posture of the annulment litigation in Amsterdam, in which the Parties recently argued the "fraud on the Tribunal" issue at a hearing on November 21, 2023).  Indeed, as explained by Respondent's Dutch counsel, the Amsterdam Court may potentially issue a material decision in the annulment litigation in February 2024.

---

[4] *See* FSIA Op. 44-45 (concluding that certain issues of "Russian law would be more properly raised at the enforcement stage of this proceeding"); *see also id.* 49-50 & n.22 (concluding that Respondent's request for "a hearing with cross-examination of [Petitioners'] witnesses" in regard to whether "the corporate veil of the Shareholders should be pierced" only implicated "a merits question" and therefore must be addressed "at the enforcement stage").

Accordingly, it would be unnecessarily duplicative to file supplemental briefs in February and March 2024, given that the different parallel proceedings may result in "'a change in circumstances'" that will likely "'prompt additional rounds of briefing'" in any event. *Hulley Enters.*, 502 F. Supp. 3d at 154-55, 160 (quoting *Hulley Enters. v. Russian Fed'n*, 211 F. Supp. 3d 269, 284-85 (D.D.C. 2016)). Even if this Court did have jurisdiction to maintain the current briefing schedule during Respondent's appeal—which it does not—such an approach would nonetheless be impractical and wasteful.

In light of the Parties' apparent disagreement, therefore, Respondent respectfully asks this Court to issue an order confirming that—as a matter of law—the briefing schedule established by the 2023 Minute Order will be suspended during Respondent's appeal to the D.C. Circuit. This suspension would be without prejudice to the Parties' filing supplemental briefs following resolution of the appeal. A proposed Order is submitted herewith.

December 15, 2023

/s/ Carolyn B. Lamm
Carolyn B. Lamm (D.C. Bar No. 221325)
David Riesenberg (D.C. Bar 1033269)
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
david.riesenberg@whitecase.com

*Counsel for Respondent*

5