**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

HULLEY ENTERPRISES LTD., ET AL.,

*Plaintiff*,

v.

RUSSIAN FEDERATION

*Defendant*.

1:14-cv-1996

Hon. Beryl A. Howell

**REQUEST FOR EXTENSION OF TIME
FOR SUBMISSION OF STATEMENT OF POSITION**

The United States, by and through undersigned counsel, respectfully submits this Request

for Extension of Time in order to submit a Statement of its position regarding the above-

captioned lawsuit.  On January 8, 2026, the Court invited the United States to file a brief

addressing whether it has an interest in providing the views of the United States on the following

questions and, if so, to state those views:

(1) "whether issue preclusion applies to jurisdictional questions under the FSIA," 28 U.S.C. § 1605(a)(6), which issue the D.C. Circuit "has not previously addressed," though the Circuit has established that "in general, '[i]ssue preclusion applies to threshold jurisdictional issues'" in other contexts, *Hulley*, 149 F.4th at 691 (quoting *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34 (D.C. Cir. 2015) (applying issue preclusion to decision on standing)); and

(2) if issue preclusion applies to jurisdictional questions under the FSIA,
(a) "whether [issue] preclusion [regarding 'jurisdictional questions under the FSIA'] extends to *foreign*" courts' decisions "of fact or law," which the D.C. Circuit emphasized is also a "novel question," *id.* (emphasis in original);
(b) whether issue-preclusive effect applies to all foreign decisions or is limited to decisions of courts in the "primary jurisdiction," *i.e.*, the "competent authority of the country in which, or under the law of which, th[e] [arbitral] award was made," *see* New York Convention, art. V(1)(e);
(c) whether the factors enumerated in *Hilton v. Guyot*, 159 U.S. 113 (1895), for determining when "recognition of foreign judgments is a matter of international comity," is the appropriate standard for application of issue preclusion to a foreign

1

court's decisions about a foreign state's "entitle[ment] to sovereign immunity" or the "existence of an arbitration agreement," for purposes of application of the "arbitration exception to the FSIA," *Hulley*, 149 F.4th at 691-92; and
(d) "how the *Hilton* factors intersect with the ordinary standard for assessing collateral estoppel," specifically the requirement for application of collateral estoppel that the foreign "proceedings were 'full and fair,'" *id.*
Minute Order (1/8/2026).

The Government greatly appreciates the Court's invitation and that the Court called the Government's attention to this matter. The Government has undertaken its internal process to determine the substance of its views on the designated questions.

The Government is cognizant of the prior extensions of time the Court has graciously granted but now must respectfully request a modest extension of time for it to file its substantive response. These matters pose, as the D.C. Circuit Court itself recognized when it directed the court to solicit the U.S. Government's views, "a novel question" of statutory and treaty interpretation, "which may implicate foreign relations and international law." Accordingly, the Government strongly desires to assist the court by providing a considered, thorough and substantive response.

Inter-agency and intra-agency discussions among and within Justice, State, and Treasury are ongoing and substantive, but not yet finalized. Counsel for both the plaintiff-shareholders and defendant Russia have each directly provided the Government for its consideration their own detailed legal and policy analyses of the issues and their respective recommended answers to the questions. Moreover, other non-party foreign nations, such as the Republic of India, have also submitted briefs, as they believe these issues bear on their litigation pending in D.D.C. As a result, since the time the Government requested the last extension, additional departmental components have requested to be incorporated into the process, necessitating some additional time for the process.

The Government continues to assess whether to issue a Statement of position. This assessment necessarily entails collaboration across multiple agencies and bureaus. Thus, the Government requests a modest and final additional two-week extension to file the Statement, to May 8, 2026.

Date: April 16, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director

*/s/ --P. R. Goldstone*
PETER R. GOLDSTONE (Mass. Bar No. 682050)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 598-0912
Email: peter.r.goldstone@usdoj.gov

*Counsel for the United States*